Henry L. SMITH, Appellant,

v.

TEXAS GAS TRANSMISSION CORPORA-
TION, Appellee.

Court of Appeals of Kentucky.

June 19, 1959.

A. Joe Asher, C. B. Cox, Benton, for appellant.

Lovett & Lovett, Benton, for appellee.

SANDIDGE, Judge.

In 1948 appellant, Henry L. Smith, for valuable consideration, granted and conveyed appellee an easement to construct, maintain and operate a pipeline across his farm in Marshall County. The conveyance provided that the pipeline should be laid underground so as not to interfere with cultivation of the land. It further granted

appellee the right to lay additional pipelines across the land, parallel with the first line, for the same consideration paid for the original line.

In 1952 appellant, for valuable consideration, granted and conveyed appellee a 75 x 100 foot lot on his farm for installing, maintaining and operating river header gate valves and appurtenant equipment thereon, and granted appellee the right to erect a fence around the lot to protect the installations.

In 1954 appellee acquired a second easement for a pipeline to be laid parallel with the first line over the land, and prior to construction of the second line paid appellant $130 for "rodage," $159 for prior damages, and $501 "in full payment of any and all damage caused by and which may be caused by the proposed construction" of the line.

In 1957 appellant instituted this action against appellee, alleging it had breached the easement agreement by failing to construct and maintain its pipelines underground, and that the lines interfered with the cultivation of crops to his damage in the sum of $4,000. Appellant further alleged he had sustained damages in the sum of $915.80, growing out of the construction of the second pipeline.

It was disclosed by appellee's answer and the uncontroverted affidavits filed in support of its motion for summary judgment that the pipelines were constructed underground, in conformity with the easement agreement; that the sole basis for the $4,000 claim was the fact the equipment on the 75 x 100 foot lot was above ground; and that the claim for $915.80 was barred by a settlement agreement and release which appellant executed in 1955. The pleadings and uncontroverted affidavits showed there was no genuine issue between the parties as to any of the material facts.

Before ruling on the motion for a summary judgment the court permitted appellant to file a supplemental petition in which he alleged the 1948 right-of-way easement agreement had been procured through fraud, deceit and misrepresentations, and that he had been damaged in the additional sum of $10,000.

Thereupon the court entered a partial summary judgment dismissing the original complaint. Later the court dismissed the supplemental complaint because it showed on its face that the claim asserted was barred by KRS 413.120. This appeal is from the partial judgment and order dismissing the supplemental complaint.

 All rulings of the lower court were correct. The agreement with respect to the river header gate valves and other equipment showed on its face that they were to be installed above ground on the 75 x 100 foot lot and that they might be protected by the construction of a fence around the lot. The release which appellant admitted he executed in 1955 included and fully covered his damage claim of $915.80. The relief sought in the supplemental complaint was barred by limitations.

The order and judgment of the lower court are affirmed.